IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Jeffrey Thomas, Jr.**<br>301 Virginia St. Unit 1514<br>Richmond, VA 23219<br><br>**Michelle C. Thomas**<br>43720 Red House Drive<br>Lansdowne, VA 20176<br><br>**Phillip E. Thompson**<br>43709 Mahogany Run Court<br>Leesburg, VA 20176<br><br>    Plaintiffs,<br><br>v.<br><br>**Susan Beals**<br>1100 Bank St.<br>Richmond, VA 23219<br><br>**Robert Brink**<br>1100 Bank St.<br>Richmond, VA 23219<br><br>**Virginia Department of Elections**<br>1100 Bank St.<br>Richmond, VA 23219<br><br>    Defendants. | Civil No. 3:22-cv-427-DJN |

FILED JUN 16 2022 CLERK, U.S. DISTRICT COURT RICHMOND, VA

## **AMENDED COMPLAINT**

This is a complaint by Plaintiffs Jeffrey Thomas, Jr., Michelle C. Thomas, and Phillip E. Thompson against Defendants Susan Beals, Commissioner of the Virginia Department of Elections, and Robert Brink, Chairman of the Virginia Board of Elections, in their official capacities, and the Virginia Department of Elections, to seek relief for injury arising from their violation of

1

Plaintiffs' constitutional rights under the Equal Protection Clause of the United States Constitution and the Voting Rights Act of 1965, as amended.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983.
2. This Court has personal jurisdiction over Defendants, who are employees, agents, or arms of Virginia government with their main offices in Richmond.
3. Venue is appropriate in this Court, as all relevant actions alleged to be unlawful were committed in Richmond within the jurisdiction of the Eastern District of Virginia.
4. Plaintiff Thomas, Jr. is a resident of Richmond, Virginia.
5. Plaintiffs Thomas is a resident of Lansdowne, Virginia.
6. Plaintiff Thompson is a resident of Leesburg, Virginia.

## FACTUAL ALLEGATIONS

1. Virginia legislative districts are typically redrawn every ten years following the decennial censuses in advance of years ending in -1 (2001, 2011, etc.)
2. Virginia's legislative districts were not redrawn prior to 2021 House of Delegates elections.
3. Virginia's congressional elections will be held in 2022.
4. In 2021, Plaintiff Thomas, Jr. was a qualified voter in Virginia's House of Delegates District 71 (HD 71-2011).
5. HD 71-2011 is a majority-minority district.
6. According to the Virginia Redistricting Commission, the post-*Bethune Hill* (2018) demographics of HD 71-2011 are: 59.0% Black; 34.7% white; 4.0% Asian; 2.5% Hispanic;

0.9% multiple races; 0.5% American Indian or Alaska Native; and 0.1% Hawaiian Pacific Islander.[1]

7. Plaintiff Thomas, Jr. is a registered voter in Richmond, Virginia.

8. Plaintiff Thomas, Jr. voted in the 2021 general elections in Richmond.

9. Plaintiff Thomas, Jr. is a doctoral candidate at Virginia Commonwealth University with an anticipated degree completion date in 2024.

10. Plaintiff Thomas, Jr. intends to continue residing at his current address in 2022, 2023 and 2024.

11. Plaintiff Thomas, Jr. intends to vote in the 2022, 2023 and 2024 general elections.

12. According to the Virginia Redistricting Commission, citing to the prison-adjusted population as reported by the 2020 Census, the least populated 2011 House District was 2011 House of Delegates District 75, which has a population of 67,404. Defendants Beal and Brink already stipulated to this in *Goldman v. Brink*, Stipulation of Facts ¶ 32.

13. According to the Virginia Redistricting Commission, citing to the prison-adjusted population as reported by the 2020 Census, the most populated 2011 House District, was 2011 House of Delegates District 87, which has a population of 130,192. Defendants Beal and Brink already stipulated to this in *Goldman v. Brink*, Stipulation of Facts ¶ 33.

14. According to the Virginia Redistricting Commission, citing to the prison-adjusted population as reported by the 2020 Census, Plaintiff Thomas Jr.'s 2011 House District, District 71, has a population of 94,095. Defendants Beal and Brink already stipulated to this in *Goldman v. Brink*, Stipulation of Facts ¶ 35.

---

[1] https://virginiaredistricting.org/2010/Data/House%20Plans/Final_Remedial_Plan/final%20remedial%20plan.pdf, p. 6, HD 71.

3

15. The population of Virginia according to the 2020 Census is 8,631,393. The ideal district under the 2020 Census was 86,314. Defendants Beal and Brink already stipulated to this in *Goldman v. Brink*, Stipulation of Facts ¶ 30.

16. This 130,192/67,404 ratio between largest and smallest 2021 House of Delegates district populations represents a 93.2% disparity.

17. 130,192 residents in HD 87-2011 have the same representation in the House of Delegates as the 67,404 residents in HD 75-2011.

18. HD 75-2011 is not a majority-minority district.

19. There are 94,095/67,404, or 39.6%, more residents in Plaintiff Thomas Jr.'s district than in the least populous district, HD 75-2011.

20. Voters and residents in Plaintiff Thomas Jr.'s district, a majority-minority district, are 94,095/67,404, or 39.6% diluted or weakened compared to voters in HD 75-2011.

21. 39.6% is approximately four times larger than 10%.

22. Plaintiff Michelle Thomas is domiciled at 43720 Red House Drive Lansdowne, Virginia 20176.

23. Plaintiff Thomas' domicile is located in the former House of Delegates District 32 (HD 32-2011).

24. Plaintiff Thomas' domicile is located in the current House of Delegates District 29 (HD 29-2022).

25. No current Delegate resides in the current HD 29-2022.

26. Plaintiff Thomas is a registered voter in Loudoun County, Virginia.

27. Plaintiff Thomas lived at her current address in 2021.

28. Plaintiff Thomas voted in the 2021 general elections in Loudoun County.

4

29. Plaintiff Thomas intends to continue residing at her current address in 2022, 2023 and 2024.

30. Plaintiff Thomas intends to vote in the 2022, 2023 and 2024 general elections.

31. Plaintiff Thomas is a pastor.

32. Plaintiff Thomas is the President of the Loudoun County NAACP.

33. Plaintiff Thomas' race and ethnicity are Black/African American.

34. According to the Virginia Redistricting Commission, citing to the prison-adjusted population as reported by the 2020 Census, Plaintiff Thomas Jr.'s 2011 House District, District 29, has a population of 101,629. Defendants Beal and Brink already stipulated to this in *Goldman v. Brink*, Stipulation of Facts ¶ 35.

35. There are 101,629/67,404, or 50.8%, more residents in Plaintiff Thomas's district than in the least populous district, HD 75-2011.

36. Voters and residents in Plaintiff Thomas's district are 94,095/67,404, or 50.8% diluted or weakened compared to voters in HD 75-2011.

37. 50.8% is more than five times larger than 10%.

38. Plaintiff Phillip E. Thompson is domiciled at 43709 Mahogany Run Court Leesburg, Virginia 20176.

39. Plaintiff Thompson's domicile is located in the former House of Delegates District 10 (HD 10-2011).

40. Plaintiff Thompson's domicile is located in the current House of Delegates District 29 (HD 29-2022).

41. No current Delegate resides in the current HD 29-2022. *Supra.*

42. Plaintiff Thompson is a registered voter in Loudoun County, Virginia.

43. Plaintiff Thompson lived at his current address in 2021.

5

44. Plaintiff Thompson voted in the 2021 general elections in Loudoun County.

45. Plaintiff Thompson intends to continue residing at his current address in 2022, 2023 and 2024.

46. Plaintiff Thompson intends to vote in the 2022, 2023 and 2024 general elections.

47. Plaintiff Thompson is an attorney.

48. Plaintiff Thompson is the former President of the Loudoun County NAACP.

49. Plaintiff Thompson's race and ethnicity are Black/African American.

50. According to the Virginia Redistricting Commission, citing to the prison-adjusted population as reported by the 2020 Census, Plaintiff Thompson's 2011 House District, District 10, has a population of 104,692. Defendants Beal and Brink already stipulated to this in *Goldman v. Brink*, Stipulation of Facts ¶ 35.

51. There are 104,692/67,404, or 55.3%, more residents in Plaintiff Thompson's district than in the least populous district, HD 75-2011.

52. Voters and residents in Plaintiff Thompson's district 104,692/67,404, or 55.3%, diluted or weakened compared to voters in HD 75-2011.

53. 55.3% is more than five-and-a-half times larger than 10%.

54. Plaintiffs and all other voters and residents in HD 71-2011, HD 32-2011, and HD 10-2011 have had their voting strength and political representation unconstitutionally diluted or weakened by the failure of Defendants to conduct, enact, or oversee decennial constitutional reapportionment, redistricting, or elections.

55. The voter underrepresentation, dilution or weakening in Plaintiffs' districts are far greater than the 10% threshold adopted by the Supreme Court in *Brown v. Thomson*, under which the burden of proof for inequitable redistricting shifts to the state.

56. The Supreme Court has acknowledged that "some deviations from population equality may be necessary to permit the States to pursue other legitimate objectives such as "maintain[ing] the integrity of various political subdivisions" and "provid[ing] for compact districts of contiguous territory." *Reynolds v. Sims*, 377 U.S. 533, 578," as Justice Powell wrote for the majority. "But an apportionment plan with population disparities larger than 10% creates a prima facie case of discrimination and therefore must be justified by the State, the ultimate inquiry being whether the plan may reasonably be said to advance a rational state policy and, if so, whether the population disparities resulting from the plan exceed constitutional limits." *Brown v. Thomson*, 462 U.S. 835, (1983).

57. The 10% standard relates to "disparities" between the smallest and largest districts. *Brown v. Thomson*, 462 U.S. 835, (1983).

58. The 10% standard does *not* refer to differences between a legislative district population and the *mean* average population but to the *maximal* difference in any legislative redistricting plan between the smallest and largest districts. *Brown v. Thomson*, 462 U.S. 835, (1983).

59. HD 71-2011 is unconstitutional by federal standards and illegal under Virginia Code and the Virginia Constitution, which incorporates federal law in Article II, Section 6. ("Every electoral district shall be drawn in accordance with the requirements of federal and state laws that address racial and ethnic fairness, including the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and provisions of the Voting Rights Act of 1965, as amended, and judicial decisions interpreting such laws.")

60. "Districts shall be so constituted as to give, as is practicable, representation in proportion to the population of the district. A deviation of no more than five percent shall be permitted for state legislative districts." Va. Code Ann. § 24.2-304.04(1).

61. The populations of Plaintiffs' districts are illegal under Virginia Code at the 5% threshold under any possible redistricting plan in Virginia.

62. The Virginia Redistricting Commission adopted the guidance that the target population deviation would be not greater than 4%. ("Each legislative district should be drawn to be as equal as practicable, with total population variances minimized, with a target of no more than plus or minus 2%, while considering the other principles listed below.")[2]

63. "Districts shall be drawn in accordance with the requirements of the Constitution of the United States, including the Equal Protection Clause of the Fourteenth Amendment, and the Constitution of Virginia; federal and state laws, including the federal Voting Rights Act of 1965, as amended; and relevant judicial decisions relating to racial and ethnic fairness." Va. Code Ann. § 24.2-304.04(2).

64. "No district shall be drawn that results in a denial or abridgement of the right of any citizen to vote on account of race or color or membership in a language minority group. No district shall be drawn that results in a denial or abridgement of the rights of any racial or language minority group to participate in the political process and to elect representatives of their choice." Va. Code Ann. § 24.2-304.04(3).

---

[2] https://www.virginiaredistricting.org/2021/Data/Ref/2021%20Redistricting%20Guidelines%20and%20Criteria%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.pdf.

65. New House of Delegates district lines were approved in a Redistricting Final Order by the Virginia Supreme Court on December 28, 2021. (https://www.vacourts.gov/courts/scv/districting/redistricting_final.pdf)

66. Plaintiff Thomas Jr.'s domicile is now located within House of Delegates District 78 (HD 78-2022) (https://www.virginiaredistricting.org/legdistricting/comments/plan/548/1).

67. HD 78-2022 has a population of 87,774. (*Ibid.*)

68. The House of Delegates District with the lowest population is HD 27-2022, with 84,213 residents. (*Ibid.*)

69. The deviation between Plaintiff Thomas Jr.'s district and the least populous district is 87,774/84,213 = 4.23%. This is within legal and constitutional limits.

70. The House of Delegates District with the largest population is HD 75-2022, with 88,463 residents. (*Ibid.*)

71. The deviation between Plaintiff's district and the most populous district is 88,463/87,774 = 0.78%. This is within legal and constitutional limits.

72. The deviation between the largest and smallest House of Delegates districts is 88,463 /84,213 = 5.05%. This slightly exceeds the 5% threshold mandated by Virginia code but is within federal constitutional limits.

73. Regardless of these new lines, Plaintiff and all Virginians continue to be represented under old district lines and politicians elected within them.

74. Plaintiff Thomas Jr. moved to intervene in the *Goldman* case on October 15, 2021, pursuant to the Court's October 12, 2021, Order directing that "by October 29, 2021, any prospective intervenors who wish to intervene in this case must file a Motion to Intervene" (*Goldman v. Brink*, ECF 41, par. 5).

75. Plaintiff Thomas Jr. correctly predicted in his Motion to Intervene (*Goldman v. Brink*, ECF 45-3), "Given the five percent maximum deviation under Virginia Code, after *any* redistricting, Plaintiff and voters and residents in his district will inevitably gain voting and political representation power merely equal to that now held by the majority of other Virginians.

76. Plaintiff Thomas Jr. correctly predicted in his Motion to Intervene (*Goldman v. Brink*, ECF 45-3), "Wherever the lines are drawn in redistricting, the districts cannot possibly include any districts as large as Plaintiff's current district without being subject to "prima facie" constitutional scrutiny and violation of Va. Code Ann. § 24.2-304.04(1)."

77. Plaintiff Thomas Jr. correctly predicted in his Motion to Intervene (*Goldman v. Brink*, ECF 45-3), "After any possible redistricting, Plaintiff and the voters and residents in his district will have their votes more fairly and equally counted and be more fairly and equally represented in the General Assembly."

78. Plaintiff Thomas Jr. correctly predicted in his Motion to Intervene (Goldman v. Brink, ECF 45-3), "One hundred equal House of Delegates districts would each contain 86,313 or 86,314 people." The "target population" for the Virginia Supreme Court's December 2021 redistricting was 86,314.

https://www.virginiaredistricting.org/legdistricting/comments/plan/548/1

79. "In light of Federal Rules of Civil Procedure Rule 1's requirement for "the just, speedy, and inexpensive determination of every action and proceeding" and the Court's March 21, 2022, Hearing and Order (ECF 69)," Plaintiff Thomas Jr. filed a "Notice of Intent to File Separate Lawsuit and Request for Joinder" on March 24, 2022. (*Goldman v. Brink*, ECF 71-1, p. 1).

80. Defendants' actions to facilitate or conduct House of Delegates elections under unconstitutional lines in 2021; Defendants' refusal to schedule constitutional elections despite their knowledge since December 2021, at the latest, of constitutional lines pursuant to the Virginia Supreme Court's Final Redistricting Order; and Defendants' continual actions to attempt to ensure those unconstitutionally-elected politicians are seated for two-year terms ensures that Plaintiff and other residents and voters in HD 71-2011, HD 32-2011, and HD 10-2011 will not be constitutionally represented in the House of Delegates until 2024, when legislators are sworn in subsequent to 2023 elections.

81. Defendants' failure to conduct 2021 House of Delegates elections under constitutional maps and refusal to hold House of Delegates elections under constitutional maps until 2023 clearly harms Plaintiffs and all other similarly situated voters and residents in their districts and will continue to harm them through 2024.

82. Plaintiffs' underrepresentation in the General Assembly delegation continually harms them when any politician action is taken, potentially taken, or not taken.

83. Defendants Beals and Brink oversee elections in Virginia and are proper parties in this case. They were found to be the proper Defendants in their official capacities. (*Goldman v. Brink*, ECF 40).

84. Defendant Susan Beals replaced Christopher Piper as Commissioner of the Virginia Department of Elections in March 2022.

85. Defendants "facilitate the state's elections, even if they do not draw the legislative district maps or set elections themselves." *Ibid.*

86. Defendants "oversee the execution of the General Assembly's enactments." *Ibid.*

87. Defendants "maintain the special enforcement relationship with the electoral process." *Ibid.*

88. Defendants "each serve as individual state officers, and not as an arm of the state." *Ibid.*

89. Defendants do not intend to hold House of Delegates general elections until November 2023 in the absence of Court intervention.

90. The most recent House of Delegates election was a special election to fill the seat in HD 89-2011 of retiring Delegate Jay Jones. "Special election to fill Jay Jones' 89th District seat set for Jan. 11," *Virginian-Pilot*, December 17, 2021.[3]

91. Delegate Jones announced his retirement on December 16, 2021. *Ibid.*

92. Speaker Filler-Corn issued a writ of election on December 17, 2021. *Ibid.*

93. The writ of election was issued pursuant to Virginia Code § 24.2-683.

94. The candidate filing deadline for the special election was 5:00PM on December 22, 2021. *Ibid.*

95. The writ of election set the date of the special election as January 11, 2022. *Ibid.*

96. The most recent special election for the House of Delegates was conducted in less than one month following a writ of election. *Ibid.*

97. According to a December 8, 2020, announcement reposted on the Virginia Department of Elections' official Twitter account, "Gov. Ralph Northam today issued a writ of election declaring a special election in the 2nd House of Delegates District for Jan. 5, 2021: [link]. The last day for candidates to file to appear on the ballot is December 14, 2020."[4]

98. The Virginia Department of Elections announced and then conducted the 2021 special election for the House of Delegates in less than one month.

---

[3] https://www.pilotonline.com/government/elections/vp-nw-special-election-89-20211217-dhj2ssoxvjhapfzkdwvcv2vuki-story.html.
[4] https://twitter.com/vaelect/status/1336419044673589249 . Accessed and screenshotted June 14, 2022.

99. The Virginia Department of Elections is able to announce and conduct a special election for the House of Delegates in less than one month after a writ of election is issued.

100. According to the United States Department of Defense's Federal Voting Assistance Program (FVAP), the last date in which statewide primary elections are scheduled this year is September 13, 2022. Three states are scheduled to hold their 2022 primary elections on September 13, 2022. One state is scheduled to hold its 2022 primary elections on September 6, 2022. Sixteen other states are scheduled to hold their 2022 primary elections in August 2022.[5] Plaintiffs respectfully request a three-judge panel for the reasons the Court described in Goldman v. Brink, ECF 89.

## COUNT 1 – VIOLATION OF THE EQUAL PROTECTION CLAUSE

101. Plaintiffs restate and incorporate by reference all prior paragraphs.

102. Defendants' failure to facilitate, timely adopt or oversee the required constitutional elections, redistricting or reapportionment of the Virginia House of Delegates violates the Equal Protection Clause of the Fourteenth Amendment by causing Plaintiffs and all other similarly situated voters to be underrepresented in the House of Delegates by a factor of 39.6%, 50.8% and 55.3%, respectively, compared to other voters in less populous districts in Virginia.

103. Defendants' failure to facilitate, oversee or execute constitutional elections for the Virginia House of Delegates violates the equal protection rights of Plaintiffs and all other similarly situated voters.

104. The deviations between the House of Delegate district populations violate the constitutional rights of Plaintiffs and every qualified voter in their districts to have their votes counted equally through their representatives elected to the General Assembly.

---

[5] https://www.fvap.gov/uploads/FVAP/VAO/PrimaryElectionsCalendar.pdf.

105. The deviations between the House of Delegate district populations violate the constitutional rights of Plaintiffs and all other similarly situated voters to have equal political representation in the General Assembly.

106. Defendants and/or others in Virginia government deliberately conducted unconstitutional elections in 2021 for two-year House of Delegates terms.

107. Without Court intervention, Defendants will continue to harm the rights of Plaintiffs and all other similarly situated voters to equal protection, equal voting rights and equal political representation in the Virginia House of Delegates until new House of Delegates members are sworn in under constitutional lines in 2024.

108. Without Court intervention, Defendants will continue to violate the rights of Plaintiffs and all other similarly situated voters to equal protection, equal voting rights and equal political representation in the Virginia House of Delegates until new House of Delegates members are sworn in under constitutional lines in 2024.

109. Conducting House of Delegates elections in 2022 under constitutional lines is a proper remedy under the *Cosner* (E.D. Va. 1981) precedent.

## COUNT 2 – VIOLATION OF THE VOTING RIGHTS ACT

110. Plaintiffs restate and incorporate by reference all prior paragraphs.

111. Defendants' failure to facilitate, timely adopt or oversee the required constitutional elections, redistricting or reapportionment of the Virginia House of Delegates violates the Voting Rights Act of 1965, as amended, by causing Plaintiffs and all other similarly situated residents to be underrepresented in the House of Delegates.

112. Defendants' failure to facilitate, oversee or execute constitutional elections for the Virginia House of Delegates violates the Voting Rights Act protections guaranteed to Plaintiffs and all other similarly situated voters in their districts.

113. The deviations between the House of Delegate district populations violate the constitutional rights of Plaintiffs and every racial minority voter in Plaintiffs' districts to have their votes counted equally through their representatives elected to the General Assembly.

114. The deviations between the House of Delegate district populations violate the constitutional rights of Plaintiffs and every racial minority voter in Plaintiffs' districts to have equal political representation in the General Assembly.

115. Defendants deliberately conducted unconstitutional elections in 2021 for two-year House of Delegates terms.

116. Without Court intervention, Defendants will continue to harm the rights of Plaintiffs and every racial minority voter in Plaintiffs' districts to equal protection, equal voting rights and equal political representation in the Virginia House of Delegates until new House of Delegates members are sworn in under constitutional lines in 2024.

117. Without Court intervention, Defendants will continue to violate the rights of Plaintiffs and every racial minority voter in Plaintiffs' districts to equal protection, equal voting rights and equal political representation in the Virginia House of Delegates until new House of Delegates members are sworn in under constitutional lines in 2024.

118. Conducting House of Delegates elections in 2022 under constitutional lines is a proper remedy under the *Cosner* (E.D. Va. 1981) precedent.

**REQUEST FOR RELIEF**

As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered injury to their constitutional rights justifying relief. The *Cosner* (E.D. Va. 1981) remedy is the most sensible for the reasons outlined in *Cosner*.

WHEREFORE, Plaintiffs prays that the Court enter judgment against Defendants and requests the following relief, and such other relief as this Court deems fair and appropriate.

1. Plaintiffs request that the Court order House of Delegates primary elections to be held on or before September 13, 2022.
2. Plaintiffs request that the Court order House of Delegates general elections to be held under constitutional maps at the time of the November 2022 general elections.

## **CONCLUSION**

The Court is already intimately familiar with the facts of this case. Plaintiffs respectfully submits that there are no facts actually in dispute in this case (*see Goldman v. Brink*, Stipulation of Facts ¶ 35). The *Cosner* precedent and its incorporation into the Virginia Constitution, Article 6 through a vote of the people in November 2020, was clearly not sufficient to coerce Defendants to perform their legal duties to protect the citizenry's constitutional rights to equal voting and representation. Defendants have deliberately played games with the Court and the people's rights for political reasons.

The current unconstitutional scheme benefits one hundred incumbents and their political dependents. Attorneys General Herring and Miyares and their litigators have little in common except their strategies to moot this matter through "stall tactics."[6] Given the time-sensitive nature of this case and the Court and Defendants' acute familiarity with it, Plaintiffs respectfully request expedited consideration.

---

[6] https://www.wric.com/news/politics/local-election-hq/federal-judge-blames-states-stall-tactics-for-delaying-effort-to-force-2022-virginia-house-elections/.

Respectfully submitted,

Dated: June 16, 2022,

*[signature]*
Plaintiff Jeffrey Thomas, Jr.
301 Virginia St. Unit 1514
Richmond, VA 23219
(804) 418-0252
jeffburkethomas@gmail.com

*[signature]*
Plaintiff Michelle Thomas
43720 Red House Drive
Lansdowne, VA 20176
pastorthomas@gomtechnow.com
703-298-0887

*[signature]*
Plaintiff Phillip E. Thompson
43709 Mahogany Run Court
Leesburg, VA 20176
(301) 535-0488
philliptho@icloud.com

## Local Civil Rule 83.1 *Pro Se* Certification

I declare under penalty of perjury that:

1. No attorney, other than co-Plaintiff Thompson, has prepared or assisted in the preparation of this document.

Plaintiff Jeffrey Thomas, Jr.

Signed: _____

Executed on: June 16, 2022 (date)

Plaintiff Michelle C. Thomas

Signed: _____

Executed on: 6/15/2022 (date)

Plaintiff Phillip Thompson

Signed: _____

Executed on: 6/15/2022 (date)

18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Jeffrey Thomas, Jr.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:22-cv-427-DJN |
| ) | |
| **Susan Beals** ) | |
| ) | |
| **Robert Brink** ) | |
| ) | |
| Defendants. ) | |

## RULE 15(a)(1) NOTICE OF AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure Rule 15(a)(1), Plaintiff Jeffrey Thomas, Jr. hereby amends his original complaint "as a matter of course." The original complaint (ECF 1) was filed on June 8, 2022, less than twenty-one days ago. The amended complaint responds to the Court's June 13, 2022, status hearing by clarifying the relief requested, adding relevant facts regarding the potential timing of special elections, and fixing typographical errors. It also adds two Plaintiffs: Rev. Michelle C. Thomas, President of the Loudoun County NAACP, and Phillip E. Thompson, attorney and past President of the Loudoun County NAACP and a Defendant: the Virginia Department of Elections. Defendants have not filed any motion to dismiss, pleadings, or other documents in this case.

Dated: June 16, 2022,

Respectfully submitted,

Plaintiff Jeffrey Thomas, Jr.
301 Virginia St. Unit 1514
Richmond, VA 23219
(804) 418-0252
jeffburkethomas@gmail.com

**Certificate of Service**

I hereby certify that on June 17, 2022, I caused to be served on counsel for Defendants, Steven Popps, spopps@oag.state.va.us, and Andrew Ferguson, aferguson@oag.state.va.us, the Amended Complaint and all associated documents.

Dated: June 16, 2022,

Plaintiff Jeffrey Thomas, Jr.
301 Virginia St. Unit 1514
Richmond, VA 23219
(804) 418-0252
jeffburkethomas@gmail.com